UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---|
| Case No. 2:21-cv-06779-MCS-JPR | Date December 4, 2023 |
| Title *Gutierrez v. First Ent. Credit Union* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DISMISSING ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(B) (JS-6)**

Upon ordering the parties to arbitration, the Court required the parties to file periodic joint reports and notify the Court upon conclusion of arbitration proceedings. (Order Re: Stipulation, ECF No. 22.) After arbitration concluded, Defendant First Entertainment Credit Union filed a unilateral status report notifying the Court that the arbitration had concluded in a dismissal without prejudice after Plaintiff Jennifer Dupre Gutierrez failed to respond to communications from the arbitrator. (Status Report, ECF No. 32.) The Court ordered Plaintiff "to show cause why the case should not be dismissed without prejudice for failure to prosecute and failure to comply with a court order requiring her participation in any status report." (Order Re: Status Report 2, ECF No. 34.) The Court warned that "[f]ailure to file a timely and satisfactory response will result in dismissal without further notice." (*Id.*) Plaintiff did not file a timely response.

A district court may dismiss an action for failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (reviewing courts' authority to dismiss for failure to prosecute). Dismissal is a "harsh penalty" that "should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260.

Courts must consider five factors before dismissing a case under Rule 41(b): "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

Having considered these factors, dismissal is warranted for failure to prosecute and failure to comply with court orders requiring Plaintiff to participate in status reports and respond to the order to show cause. The public's interest in expeditious resolution of litigation and the Court's interest in docket management both favor dismissal, as Plaintiff's inattentiveness to the Court's orders indicates a lack of diligence in prosecuting the case without delay. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."). The risk of prejudice to Defendant favors dismissal, as "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643; *see also Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) ("[A] presumption of prejudice arises from a plaintiff's unexplained failure to prosecute . . . ."). Although the public policy favoring disposition on the merits always weighs against dismissal, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotation marks omitted). Finally, the Court warned Plaintiff that failure to respond to the order to show cause would result in dismissal, "satisfy[ing] the consideration of alternatives requirement." *Ferdik*, 963 F.2d at 1262; *accord Allen*, 460 F.3d at 1229.

The case is dismissed without prejudice. This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court directs the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

**IT IS SO ORDERED.**